### HOME TRUST CO. v. EDWARDS, Collector of Internal Revenue.

### SAME v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York. February 8, 1929.

Root, Clark, Howland & Ballantine, of New York City (Elihu Root, Jr., Cloyd La Porte, and Herbert Brownell, Jr., all of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford and Frank Chambers, Asst. U. S. Attys., both of New York City, of counsel), for defendants.

WINSLOW, District Judge. The plaintiff, as executor of the estate of Andrew Carnegie, sues in these actions to recover from the former collector of internal revenue, William H. Edwards, and from the present collector, Frank K. Bowers, sums aggregating $1,165,625, representing a part of the estate tax assessed against Mr. Carnegie's estate under the provisions of the Revenue Act of 1918 (40 Stat. 1057).

The plaintiff alleges that these taxes, assessed and paid, arose by reason of an erroneous inclusion in the plaintiff's estate tax return, as a trust intended to take effect in possession and enjoyment after decedent's death, of the corpus of a trust fund set up by Mr. Carnegie in April, 1911. Part of the taxes alleged to have been paid, owing to such erroneous inclusion in the tax return, were paid to Collector Edwards, and part to Collector Bowers.

The defendant has moved to dismiss the respective amended complaints on the ground that the complaints do not set up facts sufficient to constitute causes of action. The plaintiff has moved for judgments on the pleadings.

The material provisions of the Revenue Act of 1918 (40 Stat. 1096) are as follows:

"Title 4.—Estate Tax.

* * * * * *

"Section 401. That (in lieu of the tax imposed by title II of the Revenue Act of 1916, as amended, and in lieu of the tax imposed by title IX of the Revenue Act of 1917) a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 403) is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act, whether a resident or nonresident of the United States. [Here follow the prescribed rates.]

* * * * * *

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, courtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. * * * * "

Subdivision (c) is the one which immediately concerns the court. The trust deed, a copy of which is attached to the complaints, was executed by Mr. Carnegie on April 19, 1911, prior to the enactment of the estate tax. It is unnecessary to quote. It appears that the trust created by the decedent reserved the net income thereof to himself during his lifetime, with the remainder over in certain contingencies. But the decedent expressly reserved to himself the power to revoke the trust, in the following language: "I hereby reserve to myself the right and power at any time to revoke and to modify this instrument, by an instrument in writing under my hand."

The inquiry of the court is whether or not this trust was a trust created to take effect in possession and enjoyment at or after Mr. Carnegie's death, within the provisions of the quoted sections of the Revenue Act of 1918.

The plaintiff relies upon the contention that if the effect of the statute is to impose a tax on this particular trust, it is unconstitutional, inasmuch as the trust was created prior to the Revenue Act imposing the estate tax.

The questions involved have been discussed at great length in a number of decisions, not altogether in harmony, cited by

counsel. The court has held the decision in the instant cases in abeyance pending the decision of the United States Supreme Court in the case of Reinecke, Collector, etc., v. Northern Trust Co., 49 S. Ct. 123, 73 L. Ed. ———. This case was decided January 2, 1929, and is decisive and controlling as to the disputed question.

The defendants' motions to dismiss the respective complaints are in all respects granted.